## The Vinewood Land Co. *v.* Craig.

(Decided October 29, 1928.)

*Messrs. Howell, Roberts and Duncan,* for plaintiff in error.

*Messrs. Anderson & Lamb,* for defendant in error.

JUSTICE, J.  Anna Craig recovered a judgment against the Vinewood Land Company for alleged injuries sustained to her person by reason of stepping into a hole in Westlake avenue, in the village of Willowick, Ohio.  The Vinewood Land Company prosecutes error on numerous grounds, but as we see this case only one of the specifications of error

need be considered: Error of the trial court in refusing to direct a verdict for the land company at the close of all the evidence.

The record discloses that on May 26, 1924, the council of the village of Willowick accepted the plat of the Vinewood Realty Company of Vinewood Beach and Vinewood Allotment, and confirmed the dedication of the streets and alleys thereon shown; that Westlake drive was one of the streets shown on said plat; that on May 7 or 8, 1925, the council of the village of Willowick accepted and approved the construction of the storm water sewer in Westlake drive; that at no time after said acceptance and approval did the Vinewood Land Company, its servants, agents, or employees, enter upon said street, for any purpose whatsoever, except to inspect the work done; that Anna Craig was injured on the 9th day of July, 1925, by stepping into a hole in said Westlake drive; that said hole was caused by the sinking of dirt at or near a catch-basin, which had been placed in said street at the time the sewer had been built; that the J. B. Lynn Construction Company had constructed said sewer for the Vinewood Realty Company; that said hole existed in said street not more than twelve hours prior to the accident; and that the Vinewood Land Company, its agents, servants, and employees, had no knowledge of the existence of said hole prior to July 10, 1925.

The gist of the action is negligence. Manifestly, in order to recover in this action, Anna Craig must establish some act of negligence on the part of the Vinewood Land Company which directly and proximately contributed to the injuries of which she complained. If the land company was not negligent, of

course, no recovery can be had against it. We have carefully read the record and fail to find any act of negligence on the part of the land company, its agents, servants, or employees.

After the storm water sewer in Westlake drive had been completed by the J. B. Lynn Construction Company and accepted by the village of Willowick, it became the duty of said municipality to maintain said street, keep it open, in repair, and free from nuisance. Section 3714, General Code. The Vinewood Land Company, after said sewer had been accepted, was under no obligation to repair the street. In fact, so far as the record discloses, it had no right to do so.

There being no evidence tending to prove negligence on the part of the land company, its motion for a directed verdict in its favor should have been sustained.

Holding these views, it follows that the judgment below should be reversed, and that this court should now enter the judgment which the lower court should have rendered.

*Judgment reversed and judgment for plaintiff in error.*

HUGHES, P. J., concurs.

Judges JUSTICE and HUGHES, of the Third Appellate District, sitting in place of Judges SULLIVAN, VICKERY and LEVINE, of the Eighth Appellate District.